UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICKY EUGENE GROSS,

        Petitioner,                      Case Number 1:06-CV-10715
                                              Honorable David M. Lawson

v.

SHERRI BURT,

        Respondent.
_____/

**ORDER DENYING MOTION TO HOLD PETITION IN ABEYANCE
AND GRANTING MOTION TO FILE A SUPPLEMENTAL BRIEF**

        The petitioner, Ricky Eugene Gross, presently confined at Southern Michigan Correctional Facility in Jackson, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted in Wayne County, Michigan of first-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. He is serving a life sentence, and he alleges that he is incarcerated in violation of his constitutional rights. Currently pending before the Court is the petitioner's motion to hold his habeas petition in abeyance as well as his motion to file a supplemental brief. Because the Court believes a stay of proceedings is inappropriate, the petitioner's motion to hold his petition in abeyance will be denied. However, the motion to file a supplemental brief will be granted.

I.

        In 2003, the petitioner was convicted in Wayne County Circuit Court of first-degree premeditated murder, Mich. Comp. Laws § 750.316, first-degree felony murder, Mich. Comp. Laws § 750. 316, two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and one count of possession of a firearm in the commission of a felony ("felony firearm"), Mich. Comp.

Laws § 750.227b. The trial court sentenced the petitioner to two years in prison for the felony firearm conviction, followed by concurrent terms of life imprisonment for the murder convictions and twenty-five to fifty years for the two assault convictions. The Michigan Court of Appeals affirmed the petitioner's convictions, but remanded his case so that the judgment of sentence could be amended to reflect one conviction for first-degree murder pursuant to two different theories. *See People v. Gross*, No. 252590 (Mich. Ct. App. Mar. 22, 2005). On August 30, 2005, the Michigan Supreme Court denied leave to appeal. *See People v. Gross*, 474 Mich. 857; 702 N.W.2d 580 (2005) (table).

The petitioner filed his *pro se* habeas corpus petition on February 17, 2006. The supporting brief sets forth the following grounds for relief:

> I. The trial court's denial of petitioner's motion to suppress was clearly erroneous because there was an insufficient independent basis for an accurate identification after eyewitness Marcia Spivey viewed a suggestive live lineup, where the petitioner was the only participant with light colored eyes, and Ms. Spivey was informed by the officers that they had apprehended the suspect from another state, who would be included in the live lineup.
>
> II. Petitioner was denied a fair trial when the jury was permitted to view the petitioner's unedited mugshot and hear testimony that Officer Mason viewed the petitioner's picture on the local cable show "Detroit's Most Wanted", which suggested to the jury that the petitioner had committed other crimes in the past.
>
> III. The trial court invaded the jury's fact finding function by instructing the jury that Petitioner's state of mind could be inferred from the use of a dangerous weapon.
>
> IV. Defense counsel was ineffective in failing to properly request limiting instructions on the jury's use of the evidence of the petitioner's "state of mind", and in failing to make objections to the improper introduction of the petitioner's unedited mugshot and testimony that Officer Mason viewed the petitioner's front and side picture on the local cable show "Detroit's Most Wanted."

Shortly after the petitioner filed his *pro se* petition, attorney Kimberly Lewis filed an appearance in the petitioner's behalf. The Court subsequently ordered the respondent to file a responsive pleading by August 30, 2006. Ms. Lewis then filed the pending motion to hold the habeas petition in abeyance. She seeks an opportunity to review the state transcript, to pursue state remedies for any new claims, and to file a supplemental brief in this Court.

II.

State prisoners must exhaust available state remedies for their claims before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Because habeas petitioners generally are limited to filing only one habeas petition, 28 U.S.C. § 2244(b), they should include all their claims in one habeas petition.

The claims in the petitioner's *pro se* habeas corpus petition appear to be exhausted. However, the petitioner filed the pleading before his attorney could finalize an agreement with the petitioner's family and review the state record. If the petitioner were to file a supplemental brief raising new issues that were not raised in state court, the Court would be required to dismiss the petition in its entirety, absent unusual or exceptional circumstances. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996).

The petitioner moves the Court to hold his petition in abeyance while he proceeds to exhaust any additional claims in the state courts. District courts possess authority to issue stays when a stay would be a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, __, 125 S. Ct. 1528, 1534 (2005). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "does not deprive district courts of that authority, but it does circumscribe their discretion." *Id.* (internal citation omitted). A stay of proceedings must be compatible with the AEDPA's twin purposes of reducing

delay in the execution of criminal sentences and encouraging the finality of state court judgments. *Id.* These twin purposes must be balanced against the interests served by the total exhaustion rule set forth in *Rose v. Lundy*. *Id.* Stay and abeyance are available only in limited circumstances, such as when the petitioner shows "good cause" for the failure to exhaust claims first in state court, the unexhausted claims are not plainly meritless, and the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.* at 1535. Although this Court has held habeas petitions in abeyance in cases in which the time has run on a petitioner's statute of limitations and the petition contains both exhausted and unexhausted claims, it appears that the petition in this case contains only exhausted claims and the petitioner has sufficient time remaining in his limitations period to exhaust his state court remedies on any additional claims and amend his petition before the limitations period expires. In the alternative, the petitioner could move this court to dismiss his petition without prejudice, then exhaust his claims and re-file the petition.

The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. See 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694 (6th Cir. 2000) (case filed thirteen days after the limitations period expired dismissed for failure to comply) *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc).

The petitioner's conviction in this case became final on November 28, 2005, ninety days after the Michigan Supreme Court denied the petitioner leave to appeal, when the time for filing a

petition for a writ certiorari in the Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000). Only 123 days of the petitioner's one-year limitations period have elapsed as of the signing of this order. The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2). Because it appears that the petitioner has sufficient time to exhaust his state court remedies within the statutory period, the Court will deny the petitioner's motion to hold the petition in abeyance.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*,

208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claims. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. The petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review.

III.

The Court concludes that the petition may not be held in abeyance because the petition does not appear to contain unexhausted claims and the petitioner has sufficient time remaining to exhaust his state court remedies within the limitations period. However, the petitioner may file a supplemental brief.

Accordingly, it is **ORDERED** that the petitioner's motion to hold his habeas corpus petition in abeyance [dkt #6] is **DENIED**.

It is further **ORDERED** that the petitioner's motion to file a supplemental brief is **GRANTED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 31, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS